UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICK SIMS,

       Petitioner,         CRIMINAL NO.    93-CR-50054-01
                                  CIVIL ACTION NO. 05-CV-40211-DT

  vs.

                                  DISTRICT JUDGE PAUL V. GADOLA

                                  MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES OF
AMERICA,

       Respondent.
_____/


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**RECOMMENDATION**:  The instant Motion to Vacate, Set Aside, or Correct Sentence should be denied as Petitioner failed to file his claim within the applicable one-year period of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

                                       \*    \*    \*

      Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, on June 30, 2005, challenging the validity of his underlying federal conviction. Petitioner was convicted following a jury trial in September 1993, in the United States District Court for the Eastern District of Michigan, of two counts of distribution of a controlled substances (cocaine) in violation of 21 U.S.C. § 841(a)(1). Petitioner was later sentenced to 324 months imprisonment. After sentencing, the

Sixth Circuit Court of Appeals affirmed his conviction and sentence in a unpublished opinion dated March 28, 1995.  <u>United States v. Nick Sims</u>, 51 F.3d 273, 1995 WL 138914 (6th Cir. 1995).

Petitioner then filed a Motion To Vacate his Sentence, under 28 U.S.C. § 2255, on April 21, 1997, claiming that he was denied the effective assistance of trial counsel (Motion to Vacate at Docket #53).  In an Order dated November 18, 1997, the Honorable Stewart Newblatt construed the motion as an untimely request for a new trial, and Petitioner's § 2255 Motion to Vacate Sentence was denied by this Court (Docket #67 & #68).  The Sixth Circuit eventually affirmed that decision in July 2003 (Docket #109 & 110).

Petitioner has now filed the instant § 2255 in an apparent attempt to again attack the validity of his sentence.  He contends that he should be re-sentenced in accordance with the recently announced Supreme Court decision in <u>United States v.Booker</u>, ___ U.S. ___, 125 S.Ct. 738 (2005). Petitioner argues that his sentence was imposed in violation of <u>Blakely v. Washington</u>, ___ U.S. ___, 124 S.Ct. 2531 (2004) because the trial judge increased his sentence based on findings of fact made by the judge. This claim is now governed by the Supreme Court's intervening decision in <u>Booker</u>, which applied the <u>Blakely</u> reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the

defendant or proved to a jury beyond a reasonable doubt." Id. at 756.

The Respondent filed an answer on August 8, 2005, contending that Petitioner's motion attacking the validity of his sentence was barred by the applicable one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Moreover, the Respondent asserted that since Petitioner's conviction became final before Booker, he was not entitled to any relief because the Supreme Court explicitly provided that its holding in Booker was to be applied only to cases on direct, not collateral, review.

Since Petitioner is actually attacking the validity of his sentence, the undersigned is persuaded that the instant motion should be treated as a successive petition under § 2255. Prior to the AEDPA's enactment, a federal prisoner could file a section 2255 motion at any time. United States v. Lopez, 100 F.3d 113, 116 (10th Cir. 1996). That changed, however, with the enactment of the AEDPA on April 24, 1996. Among other things, the Act amended 28 U.S.C. § 2255 to provide a one year statute of limitations for petitions brought thereunder.

As Respondent correctly pointed out, a right newly recognized by the Supreme Court must be made retroactively applicable to cases on collateral review. See § 2255 ¶6(3). The Booker Court explicitly provided that its holding was to be applied only to pending cases on direct review  United States v. Booker, 125 S.Ct. at 769. The Sixth Circuit in Humphress v. United States,

3

398 F.3d 855, 859 (6th Cir. 2005), concluded that Booker created a new rule of criminal procedure which did not apply retroactively to convictions that had become final on direct appeal. Since Petitioner's conviction became final on July 18, 2003, well before the Booker decision was announced, the motion attacking the validity of Petitioner's sentence was not timely, and he is not entitled to sentence relief.

Accordingly, I recommend that the instant Motion to Vacate, Set Aside, or Correct Sentence be denied. The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Gadola's acceptance thereof is waived.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED:  August 31, 2005_

___

CERTIFICATE OF SERVICE

I hereby certify on August 31, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 31, 2005 Nick Sims.

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217