UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICK SIMS,

                              Petitioner,      CRIMINAL CASE NO. 93-50054
                                                                CIVIL CASE NO. 05-40211

v.

UNITED STATES OF AMERICA,        HONORABLE PAUL V. GADOLA
                                                      U.S. DISTRICT COURT

                              Respondent.
_____/

**<u>ORDER ACCEPTING REPORT AND RECOMMENDATION</u>**

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and the Report and Recommendation of the Honorable Donald A. Scheer, United States Magistrate Judge. The Magistrate Judge recommends that this Court deny Petitioner's motion to vacate. The Magistrate Judge filed the Report and Recommendation on August 31, 2005 and notified all the parties that any objections must be filed within ten days of service. Petitioner filed a "Motion for Leave to Submit his Objections to the Magistrate Judge's Report and Recommendation," in which Petitioner sets out his objections.

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which

states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Petitioner filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

The Court has reviewed the record of the case and the Report and Recommendation to which Petitioner has objected. Having conducted this review under the de novo standard as detailed above, the Court concludes that the Magistrate Judge's reasoning and conclusions are sound.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's "Motion for Leave to Submit his Objections" is **DENIED** [docket entry 117] and Petitioner's objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 116] is **ACCEPTED and ADOPTED** as the opinion of this Court and Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [docket entry 111] is **DENIED**.

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA within **TWENTY-ONE (21) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA."). The Government may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

**SO ORDERED.**

Dated:   April 26, 2006  　　　　　　　　　　s/Paul V. Gadola
　　　　　　　　　　　　　　　　　　　　　HONORABLE PAUL V. GADOLA
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   April 26, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                                                          Mark C. Jones                                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                 Nick Sims                                 .


s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845